```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA      )
                              )
          v.                  )   Criminal No. 96-40E
                              )
WILLIAM MARTIN                )
```

**MOTION FOR REDUCTION OF SENTENCE
PURSUANT TO 18 U.S.C. § 3582(c)(2)
TO A SENTENCE OF TIME SERVED
<u>WITH CITATION OF AUTHORITY</u>**

Defendant, William Martin ("Mr. Martin"), by his attorney, Michael J. Novara, First Assistant Federal Public Defender, respectfully files this Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) to a sentence of time served.

1.  Mr. Martin was sentenced on December 3, 1997 to a term of imprisonment of 151 months for an offense involving cocaine base.

2.  Subsequently, the United States Sentencing Commission amended <u>United States Sentencing Guidelines</u>, § 2D1.1 to decrease by two levels the offense levels applicable to specific weights of cocaine base (the "Crack Amendment"). The Crack Amendment became effective on November 1, 2007.

3.   On December 11, 2007, the Sentencing Commission determined that the Crack Amendment would be retroactive effective March 3, 2008.

4.   Application of the Crack Amendment in the present case results in the lowering of Mr. Martin's Offense level under U.S.S.G. § 2D1.1 from 32 to 30.

5.   On February 11, 2008, the Honorable Chief Judge Donetta Ambrose entered a standing order, appointing the Federal Public Defender for the Western District of Pennsylvania to represent any defendant sentenced in this district who might be eligible for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) based upon the retroactive application of the Crack Amendment.

6.   Title 18, § 3582(c)(2) provides:

> In the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a

>        reduction is consistent with applicable
>        policy statements issued by the Sentencing
>        Commission.

18 U.S.C. § 3582(c)(1)(2).

    7.    In the present case, Mr. Martin's previous Final Offense Level was 31, with a Criminal History Category of III, resulting in a previous Guideline Range of 135 to 168 months imprisonment.  After retroactive application of the Crack Amendment, Mr. Martin's amended Final Offense Level is 29, with a Criminal History Category of III, resulting in an amended Guideline Range of 108 to 135 months imprisonment. Mr. Martin's original sentence was in the middle of the guideline range at 151 months.  The middle of the now amended guideline range is 121 months, 30 months lower than his previously imposed sentence.

    8.    According to the BOP web site, Mr. Martin's current release date is September 23, 2008. Retroactive application of the Crack Amendment in the present case would result in a new release date of March 26, 2006, which represents a 30 month reduction in his sentence.  Thus, a sentence within the new, reduced range, corresponding to the sentence imposed from the

previous range, would result in a sentence at or above the time Mr. Martin has already served.

9.   Accordingly, Mr. Martin respectfully requests that his sentence be vacated, and that he be re-sentenced to a term of imprisonment of time served, and released from custody forthwith.

10.  A proposed Order, in the form approved of by the Administrative Office of the United States Courts, is attached hereto.

**11.  Because Mr. Martin has already served more time in prison than he should have, it is requested that the Court enter the attached Order on March 3, 2008, the effective date of the Crack Amendment, without waiting for a government response.[1]**

---

[1] On Monday, February 25, 2008, undersigned counsel contacted the United States Attorney in an effort to obtain the government's consent to reductions in sentence for all of those eligible for immediate release after the two-level reduction under the retroactive amendment to the crack guideline is applied (a total of 10 cases). After repeated attempts over the last several days to obtain the government's position, at 2:00 p.m. today, undersigned counsel was advised that the government will not consent to any reductions a this time. In the event the Court is inclined to await a government response to this motion before granting a reduction in sentence, the Court should nevertheless enter an Order on Monday, March 3, 2008, with the understanding that it would not be effective for 10 days, or

Respectfully submitted,

**S\ Michael J. Novara**
Michael J. Novara
First Assistant Federal Public Defender
Attorney I.D. No. 66434

---

until March 13, 2008. The 10-day period will give the government ample time to lodge any objection to a reduction and, at the same time, will provide the BOP with the time needed to start the release process, as it requested in its February 21, 2008 Memorandum.